Earl SELLIE, Plaintiff—Appellant,

v.

**BOEING COMPANY, a Delaware corporation, Defendant—Appellee.**

No. 06–35145.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 1, 2007.

Jeffrey L. Needle, Esq., Seattle, WA, for Plaintiff–Appellant.

James Sanders, Esq., Laura Marie Solis, Esq., Perkins Coie, LLP, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, BEAM *, and RYMER, Circuit Judges.

### MEMORANDUM **

Earl Sellie appeals the summary judgment entered in favor of The Boeing Co. in this action alleging that his termination was the result of age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 and the Washington Law Against Discrimination (WLAD), Chapter 49.60 RCW. Whether Sellie's claims are evaluated under the *McDonnell Douglas*[1] burden-shifting analysis, or the mixed motive framework articulated in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) and *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003),[2] he has failed to raise a triable issue that Boeing gave him a "C" rating or selected him for termination in its reduction-in-force (RIF) for any reason having to do with age. Therefore, we affirm.

Sellie argues that ratings, and statements made by Todd Keller and Tom Moore, in connection with the 2001 retention exercise show Boeing's discriminatory motive during the 2002 retention exercise. There is no evidence, however, that Keller's 2001 actions had any effect on the 2002 retention decision or that he or Moore had any input into the 2002 decisions. This being so, no reasonable juror could infer on the basis of these comments that Sellie's "C" rating and ultimate termination were motivated in any respect by age. *Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir.2005) (noting that an agent's biased remarks against an employee are admissible to show an employer's discriminatory animus if the agent were involved in the decision).[3]

---

\* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

2. For purposes of this appeal, we assume (without deciding) that *Desert Palace* and the 1991 amendments to Title VII are applicable to the ADEA.

3. To the extent Sellie suggests in his reply brief that the 2001 remarks tend to reflect a discriminatory corporate culture, the argument is waived for having not been raised in

**628**

Assuming that Sellie made out a prima facie case, Boeing's RIF was a legitimate, nondiscriminatory reason for terminating him, *see, e.g., Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1282 (9th Cir.2000), and the evidence, viewed most favorably to Sellie, cannot show that his age was "a motivating factor" in the adverse employment decision. Sellie was performing administrative, support functions for some of which Boeing had no need and the rest of which were easily (if not quite as successfully) assumed by other employees as part of their normal duties. Cusp employees with whom Sellie was competing in the retention exercise had stronger process analyst skills, and were using those skills on higher level projects, than he.

Even though Sellie points to evidence that current work assignment was not part of the 2002 rating criteria, the "Performance Values" sheet allowed for consideration of whether Sellie's job was an unnecessary cost center with low-level responsibilities which other employees could do in addition to their own job responsibilities. While his own "customer/manager," Mary Moring, thought highly of Sellie, there is no dispute that Sellie was a capable employee. At the same time, it is undisputed that, when asked, Moring failed to come up with specifics that might have put Sellie ahead of cusp employees with whom he was competing for purposes of the RIF. No genuine issue is raised that Moring was somehow not allowed to attend the skill team merge meeting at which the five employees on the cusp of a "C" were evaluated, such that an inference of age being the motivating factor or of pretext arises; she was only told not to come after the other cusp managers were no longer available. Nevertheless, her opinion was represented and additional in-

put was specifically solicited, and received, via email during the meeting. Despite somewhat inconsistent explanations about whether Boeing proceeded with the RIF by organization or by enterprise level, Boeing's policy (and whether it was disregarded) is immaterial because there is no evidence that the RIF approach—whatever it may have been—was not applied evenly across all ages. Sellie was not the only person taken out of numerical order, and several of those terminated were significantly younger than he. Nor is there any evidence from which it could reasonably be inferred that Boeing departed from established procedures in order to discriminate on the basis of age. *See, e.g., Lyons v. England,* 307 F.3d 1092, 1116 (9th Cir.2002). Further, Sellie offers no evidence with respect to his suggestion that Boeing gave two jobs for which he applied after learning of his termination to two younger, less qualified employees. Finally, as we have noted, there is no evidence that the 2001 remarks made by Keller and Moore played any role in the 2002 employment actions at issue here.

Therefore, Sellie's ADEA claim was appropriately resolved. It follows that the district court's ruling was also correct as to Sellie's claim under state law, for the substantive law governing age discrimination suits under Washington law is similar to the law applied under the ADEA. *See, e.g., Domingo v. Boeing Employees' Credit Union,* 124 Wash.App. 71, 86–87, 98 P.3d 1222 (2004); *Mackay v. Acorn Custom Cabinetry, Inc.,* 127 Wash.2d 302, 310, 898 P.2d 284 (1995).

AFFIRMED.

---

his opening brief. Regardless, stray remarks by non-decision makers are insufficient to establish discrimination. *See, e.g., Mondero v.*

*Salt River Project,* 400 F.3d 1207, 1213 (9th Cir.2005).